# EXHIBIT A

FILED
Amy Hunley
CLERK, SUPERIOR COURT
11/16/2020 3:01PM
BY: VBARTON
DEPUTY

MESCH CLARK ROTHSCHILD
259 North Meyer Avenue
Tucson, Arizona 85701
Phone: (520) 624-8886
Fax:    (520) 798-1037
Email: TCope@mcrazlaw.com
Email: Ggarcia@mcrazlaw.com

By:   Thom K. Cope, # 025178
      Guadalupe Garcia, #035602
      53011-1/gmg

Attorneys for Plaintiffs

## ARIZONA SUPERIOR COURT

## COCHISE COUNTY

| | |
|---|---|
| JOHN MICHAEL KEHOE and ROBERT MICHAEL KIRK,<br><br>Plaintiffs,<br><br>vs.<br><br>COCHISE COUNTY COMMUNITY COLLEGE DISTRICT GOVERNING BOARD, J.D. ROTTWEILER, VERLYN FICK, WENDY DAVIS, COCHISE COLLEGE,<br><br>Defendants. | No. S0200CV202000481<br><br>**FIRST AMENDED COMPLAINT**<br><br>(Hon. Laura Cardinal) |

For their complaint, Plaintiffs, John Michael Kehoe and Robert Michael Kirk, allege as follows:

### NATURE OF THE CASE

1. Plaintiffs seek damages arising from being wrongfully terminated from their employment in violation of A.R.S. §§23-1501(A)(3)(a) and (b)(i) and (v), 41-1463(B)(1)

and (2).

## PROCEDURAL ALLEGATIONS

2. Plaintiffs John Michael Kehoe and Robert Michael Kirk (hereinafter "Plaintiffs") were at all relevant times residents of Cochise County, Arizona.

3. Upon information and belief J.D. Rottweiler, Verlyn Fick, Wendy Davis and Cochise County Community College District Governing Board acting personally and on behalf of Cochise College, were at all relevant times was located and operating in Cochise County, Arizona while the incidents giving rise to this litigation occurred.

4. Venue is proper in Cochise County pursuant to A.R.S. § 12-401 because the cause of action for which damages lie arises from relevant incidents and actions which occurred in Cochise County and one or any of the defendant's reside or may be found in Cochise County, Arizona.

5. Cochise County properly has jurisdiction over all the parties as each party has subjected themselves to Cochise County's jurisdiction by personally availing themselves of said jurisdiction by their conduct as set forth herein.

6. Plaintiffs, John Michael Kehoe and Robert Michael Kirk, filed timely Charges of Discrimination with the Arizona Attorney General's Office, Civil Rights Division, and the U.S. Equal Employment Opportunity Commission ("EEOC") alleging discrimination on the basis of his age, race, and retaliation.

7. On June 25, 2020, the Arizona Attorney General's Office, Civil Rights Division issued a notice to John Michael Kehoe regarding his right to sue.

8. On October 28, 2020, the U.S. Equal Employment Opportunity Commission issued a Right to Sue Letter to Plaintiff Kehoe.

9. On September 16, 2020, the Arizona Attorney General's Office, Civil Rights Division issued a notice to Robert Michael Kirk regarding his right to sue. COMES NOW, the Plaintiffs, by and through their attorneys and attorneys of association from the Ayala

2

Law Office P.C., and on their behalf hereby file the following complaint against J.D. Rottweiler, Verlyn Fick, Wendy Davis, Cochise County Community College District Governing Board acting personally and as agents of Cochise College, and allege the following claims:

## PARTIES

10.   Plaintiffs, John Michael Kehoe and Robert Michael Kirk, were at all relevant times residents of the State of Arizona.

11.   Defendants, J.D. Rottweiler, Verlyn Fick, Wendy Davis, Cochise County Community College District Governing Board, acting both personally and as agents of Cochise College, employed Mr. Kehoe and Mr. Kirk in Cochise County, Arizona.

## STATEMENT OF FACTS

12.   On or about December 2017 Cochise College offered Mr. Kehoe the position of Chief Flight Instructor and he began his employment on or about Jan 2, 2018.

13.   On or about May of 2016 Cochise College hired Robert Michael Kirk to build the CRJ700 Airline Pilot Flight Simulator Program so that he could train students to become airline pilots in the aviation program as a flight instructor.

14.   On or about April 16, 2018, the Director of Aviation, Kevin Austin, was suddenly removed from his position. Verlyn Fick asked Mr. Kehoe to the take over the position of Director of Aviation and Airport Manger while maintaining the position of Chief Flight Instructor.

15.   With the Verlyn Fick's approval, Mr. Kehoe asked Mr. Kirk to perform some of the duties of Chief Flight Instructor and to become certified by the FAA to take over the position of Chief Flight Instructor so that Mr. Kehoe would be able to perform his duties more efficiently as the Director of Aviation.

16.   Mr. Kehoe had thirty-two to thirty-three years of experience in Aviation. Mr.

Kirk had about twenty-three years of experience in Aviation. Both had much more experience in aviation than any other Cochise College employees.

17. Both Mr. Kehoe and Mr. Kirk received excellent reviews in their performance evaluations and never had any negative feedback regarding their work.

18. On January 2, 2017 J.D. Rottweiler, the president of Cochise College, asked Mr. Kehoe to make the aviation program profitable for the college. J.D. Rottweiler, Verlyn Fick, and Wendy Davis reiterated the importance of correcting the fiscal deficit caused by the aviation program and the importance of making the program profitable to both Mr. Kehoe and Mr. Kirk over the course of their employment with Cochise College.

19. Mr. Kirk noted some safety issues that were not in compliance with FAA and worked diligently to correct those in order to maintain the safety standards required by the FAA. This was critical to the safety of the program's participants and essential for the success of the aviation program.

20. Both Mr. Kehoe and Mr. Kirk worked diligently towards reversing the annual 1.3 -1.4 million debt caused by the aviation program that they inherited and made it a profitable aviation program for the college.

21. Verlyn Fick met with Mr. Kehoe and Mr. Kirk on a regular basis to discuss and approve their work and all seemed to be going as scheduled until J.D. Rottweiler became aware of the changes to the program and the accompanying fiscal success.

22. Shortly after plans for the program were set to be presented to, in detail, to Mr. Rottweiler and the Cochise County Community College District Governing Board, Mr. Kehoe and Mr. Kirk were told that they had self-separated by not signing their annual contracts by 5:00 PM on Friday, June 28, 2019.

23. It would not have been an anomaly for Mr. Kehoe to sign the annual contract after its formal due date. The annual contract had errors that needed to be corrected the year before. Mr. Kehoe gave the contact back so that the corrections could be made and

then he signed the contract after it was corrected and after the formal due date. Mr. Kehoe had no reason to believe that there would be any issues signing the corrected contracts after their formal due dates.

24.     Wendy Davis had prepared the annual contracts with errors. Mr. Kehoe gave his annual contract to Verlyn Fick, who was his supervisor, for correction of errors and was told that he would be notified when the corrections were made.

25.     On Friday, June 28, 2019, when Mr. Kehoe and Mr. Kirk received voicemails telling them that they had self-separated by not signing their contracts Mr. Kehoe was never given the corrected contracts for signature and Mr. Kirk was never provided the original contract for signature. Therefore, it would have been impossible for them to sign the contracts. Mr. Kehoe and Mr. Kirk both made their positions clear--that they had no intention of terminating their employment with Cochise College.

26.     The formal date on the contract was Friday, June 28, 2019. It was on Friday, June 28, 2019 a few minutes after 5:00 PM that Ms. Wendy Davis, on behalf of Cochise College, left a message on Mr. Kehoe's and Mr. Kirk's voicemail informing them that they "self-separated" because they had not signed their annual contracts by 5:00 PM that day.

27.     Mr. Kehoe called Wendy Davis to let her know that he had not separated himself from the college but had been waiting to receive the contract back in order to sign it but was informed that it was too late because the contracts had been withdrawn and that he would have to discuss it with his supervisor, Verlyn Fick. Mr. Fick similarly told Mr. Kehoe that the matter was out of his hands.

28.     Mr. Kehoe was still formally under employment by his previous contract that was set to expire on June 30, 2019 but when he went to straighten his office the following day, still believing the issue could be worked out and was escorted off the property and not allowed to access his office.

29.     Mr. Kehoe was 76 years of age and was possibly the oldest employee of

5

Cochise College. Mr. Kirk was 64 years old.

30. Mr. Kehoe discovered a few days later that on Saturday, June 29, 2019 that the very next morning, Cochise College re-hired Belinda Burnette, a female, who previously had resigned and was much younger than him, to replace him and a Hispanic male, much younger than Mr. Kirk who also had previously resigned to replace Mr. Kirk.

31. The information that Mr. Kehoe would have presented to the Cochise County Community College District Governing Board would have inevitably shown that the college administrators, Mr. Rottweiler, Mr. Fick, and Ms. Davis, had for about the past ten years mismanaged the finances, grossly wasted the Cochise College monies and abused their authority by doing so, which had caused the massive annual deficit of approximately 1.3 million per year from the aviation program.

32. In order for Mr. Kehoe to present the details of the changes made to the program that had corrected financial discrepancies and the proposed changes that would make the program profitable, it was necessary to explain why the past and then current practices were grossly wasteful and due to poor management.

33. Mr. Kehoe informed the Cochise County Community College District Governing Board of the details of the wrongful termination in August of 2019 and the Cochise County Community College District Governing Board chose to sanction the actions of Mr. Rottweiler, Mr. Fick, and Ms. Davis on behalf of Cochise College.

**CAUSES OF ACTION**
**COUNT I**
**(Wrongful Termination)**

34. Plaintiffs incorporate the statement of facts above as if fully set forth herein.

35. Defendants, Mr. Rottweiler, Mr. Fick, and Ms. Davis, and the Cochise

1  County Community College District Governing Board, acting both personally and as
2  agents of Cochise College wrongfully terminated Plaintiffs employment as retaliation for
3  an action protected under A.R.S. §23-1501(A)(3)(a) and (b)(i) and (v) when they chose to
4  terminate Plaintiffs upon being informed that Plaintiffs reasonably planned to expose their
5  gross mismanagement of funds and abuse of power within a few days.

36.   As a result of the wrongful termination, Plaintiffs incurred lost earnings to date in the amount of approximately $416,689.00, (four hundred sixteen thousand six hundred eighty-nine) job-seeking expenses in the amount of approximately $30,000.00, (thirty thousand) and other costs related to their diminished capacity for employment in the amount of approximately $18,833.00, (eighteen thousand eight hundred thirty-three) thereby amounting to about $465,522.00, (four hundred sixty-five thousand five hundred twenty-two) in actual financial losses, not including legal fees.

37.   As a result of the wrongful termination, Plaintiffs incurred lost earnings to date in the amount of approximately $416,689.00, (four hundred sixteen thousand six hundred eighty-nine) job-seeking expenses in the amount of approximately $30,000.00, (thirty thousand) and other costs related to their diminished capacity for employment in the amount of approximately $18,833.00, (eighteen thousand eight hundred thirty-three) thereby amounting to about $465,522.00, (four hundred sixty-five thousand five hundred twenty-two) in actual financial losses, not including legal fees.

38.   Plaintiffs also suffered significant anxiety, discomfort, stress, and emotional distress as well as harm to their reputation as a result of Defendants' reckless actions.

39.   Defendants, Mr. Rottweiler, Mr. Fick, and Ms. Davis, and the Cochise County Community College District Governing Board, acting both personally and as agents of Cochise College, engaged in wrongful conduct and further acted to serve their own interests while having reason to know but consciously disregarded a substantial risk that their conduct might significantly injure the rights of others. As such, Defendants are

liable to Plaintiff for punitive damages.

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

A. Pursuant to A.R.S. §23-1501, Plaintiffs requests this Court award to Plaintiff actual damages for lost earnings and financial losses in the amount of $465,522.00, (four hundred sixty-five thousand five hundred twenty-two) compensatory damages for pain and suffering, and punitive damages in tan amount to be determined at trial;

B. That Plaintiff be awarded his attorney's fees, expenses and costs incurred in this litigation;

C. For such other and further relief as this Court deems just and equitable.

## COUNT II
### (Age Discrimination)

40. Plaintiff incorporate the statement of facts above as if fully set forth herein.

41. Defendants, Mr. Rottweiler, Mr. Fick, and Ms. Davis, and the Cochise County Community College District Governing Board, acting both personally and as agents of Cochise College Defendants, discriminated against Plaintiffs because of their age in violation of A.R.S. §23-1501(A)(3)(a) and (b)(i) and A.R.S. §41-1463(B)(1) and (2).

42. The stated reasons for Defendants' conduct terminating Plaintiff's employment and treating Plaintiffs differently, because of their age, are not the true reasons, but instead were a pretext to hide Defendants' discriminatory conduct.

43. Cochise College's actions were deliberate, willful and in reckless disregard for Mr. Kirk and Mr. Kehoe's rights.

44. As a direct result of the conduct of Cochise College, Mr. Kehoe and Mr. Kirk have suffered, and will continue to suffer, lost income and diminished earning capacity.

45. Pursuant to A.R.S. §23-1501, Plaintiffs requests this Court award to Plaintiff actual damages for lost earnings and financial losses in the amount of $465,522.00 (four

hundred sixty-five thousand five hundred twenty-two), compensatory damages for pain and suffering, and punitive damages in tan amount to be determined at trial;

46. That Plaintiff be awarded his attorney's fees, expenses and costs incurred in this litigation;

47. For such other and further relief as this Court deems just and equitable.

## COUNT III
**(Kehoe Age Discrimination in Employment Act of 1967 (29 USC § 621, et seq.)**

48. Plaintiff incorporate the statement of facts above as if fully set forth herein.

49. Defendants, Mr. Rottweiler, Mr. Fick, and Ms. Davis, and the Cochise County Community College District Governing Board, acting both personally and as agents of Cochise College Defendants, discriminated against Plaintiffs because of their age in violation of A.R.S. §23-1501(A)(3)(a) and (b)(i) and A.R.S. §41-1463(B)(1) and (2).

50. The stated reasons for Defendants' conduct terminating Plaintiff's employment and treating Plaintiffs differently, because of their age, are not the true reasons, but instead were a pretext to hide Defendants' discriminatory conduct.

51. Cochise College's actions were deliberate, willful and in reckless disregard of Mr. Kehoe's rights.

52. As a direct result of the conduct of Cochise College, Mr. Kehoe has suffered, and will continue to suffer, lost income and diminished earning capacity.

53. Pursuant to 29 USC § 621 et.seq., Plaintiff Kehoe requests this Court award to Plaintiff actual damages for lost earnings and financial losses, compensatory damages for pain and suffering, and punitive damages in an amount to be determined at trial;

54. That Plaintiff Kehoe be awarded his attorney's fees, expenses and costs incurred in this litigation;

55. For such other and further relief as this Court deems just and equitable.

56. Realleges all allegations contained in the Complaint.

## COUNT IV
### (Intentional Infliction of Emotional Distress)

57. Plaintiffs incorporate the statement of facts above as if fully set forth herein.

58. Defendants Rottweiler, Fick, Davis, Cochise County Community College District Governing Board, acting on behalf of Cochise College, did knowingly engage in conduct, both directly to the Plaintiffs and through conduct that would detriment Plaintiff, that was outrageous and extreme, with the knowledge that it would cause severe emotional distress for the Plaintiffs.

59. Defendants retaliated against Plaintiffs for fulfilling their ethical and moral work obligations to Cochise College, the aviation students of Cochise College, and the taxpayers whose taxes support Cochise College by working diligently to bring the aviation program out of financial ruin and ensuring the safety of the students and compliance with the FAA. In order to do so, it was inevitable that the Plaintiffs would be required to bring information to light regarding the gross mismanagement and fiscal irresponsibility of the Defendants and in order to avoid this the Defendants chose instead to claim that the Plaintiffs willingly chose not to sign their contracts.

60. Defendants' took numerous affirmative actions reasonably calculated to detriment and dispirit the Plaintiffs. These affirmative actions included discriminating against the Plaintiff's due to their age, preventing Plaintiff's from sharing detailed information about the gross mismanagement of finances by planning to terminate the Plaintiffs on the pre-text that Plaintiffs chose not to sign their annual employment contracts by the formal due date and claiming that Plaintiff's "self-separated" causing and immediate termination, creating a sudden stress of unemployment and financial hardship; attempting to prevent the Plaintiffs

from receiving unemployment benefits by claiming that Plaintiffs "self-separated" or were terminated for insubordination.

Many of these actions rise well beyond all possible bounds of decency. Aggregated, Defendants' conduct' is indefensible as they knowingly leveraged all of their assets in an intentional and successful effort to cause the Plaintiffs emotional distress.

WHEREFORE Plaintiffs pray for judgment against Defendants as follows:

A. Plaintiffs request this Court award to Plaintiffs compensatory damages for Intentional Infliction of Emotional Distress as well as punitive damages in an amount to be determined at trial;

B. That Plaintiffs be awarded their attorney's fees, expenses and costs incurred in this litigation;

C. For such other and further relief as this Court deems just and equitable.

DATED: November 16, 2020

MESCH CLARK ROTHSCHILD

By: *Thom K. Cope*
Thom K. Cope
Guadalupe Garcia
*Attorneys for Plaintiffs*

11

E-FILED via AZTurbo Court this 16th day of November, 2020.
With copies sent via email to:

Georgia A. Staton, Esq.
Ravi V. Patel, Esq.
Jones, Skelton & Hochuli, P.L.C.
40 North Central Avenue, Suite 2700
Phoenix, AZ 85004
gstaton@jshfirm.com
rpatel@jshfirm.com
minuteentries@jshfirm.com
*Attorneys for Defendants*

By: /s/ Gloria M. Gillen

27S2822.DOCX